UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 27, 2015

Re: *Saileta Edwina Kerra o/b/o R.W. v. Commissioner of Social Security*,
Civil No. SAG-15-640

Dear Counsel:

On March 9, 2015, Saileta Edwina Kerra petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI") on behalf of her minor child, R.W. (ECF No. 1). I have considered the parties' cross-Motions for Summary Judgment. (ECF Nos. 14, 15). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Local R. 105.6 (D. Md. 2014). I will deny Ms. Kerra's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. Kerra applied for Children's SSI on behalf of R.W. on March 15, 2012. (Tr. 185-90). Her claim was denied initially and on reconsideration. (Tr. 126-29, 133-34). A hearing was held on May 8, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 68-99). Following the hearing, on July 23, 2014, the ALJ issued an opinion denying benefits. (Tr. 43-64). Because the Appeals Council denied Ms. Kerra's request for review, (Tr. 1-5), the ALJ's decision is the final, reviewable decision of the Agency.

The ALJ evaluated Ms. Kerra's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Kerra's claim. At step one, the ALJ found that R.W. had not engaged in any substantial gainful activity at any time relevant to the application. (Tr. 49). At step two, the ALJ found that R.W. suffered from the severe impairments of asthma, gastroesophageal reflux disease (GERD), and irritable bowel syndrome (IBS). *Id.* At step three, however, the ALJ found that R.W. did not have an impairment or combination of impairments that met any listing. (Tr. 49-50). Additionally, the ALJ determined that R.W. did not have an impairment or combination of impairments that would be functionally equivalent to any listing. (Tr. 50-58). Therefore, the ALJ determined that R.W. was not disabled for purposes of Children's SSI benefits. (Tr. 59).

Ms. Kerra raises two arguments in support of her appeal. First, she contends that R.W.'s condition equaled Listing 105.08. Second, she alleges that the Appeals Council failed to consider new and material evidence. Both arguments lack merit.

First, while Ms. Kerra concedes that there is no evidence in the record to suggest that Listing 105.08 (malnutrition due to digestive disorder) was met, she contends that R.W.'s condition equaled the listing. Pl. Mot. 5-7. Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Kerra's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find that the ALJ's RFC determination was supported by substantial evidence.

Listing 105.08A requires multiple laboratory findings documenting chronic nutritional deficiency, which simply are not present in the record in this case. While Ms. Kerra contends that R.W. satisfies the criteria of Listing 105.08B (dealing with BMI), Listing 105.08 is written in the conjunctive, so that both 105.08A and 105.08B must be satisfied in order for the Listing to be met. While Ms. Kerra concedes that R.W. does not have the requisite laboratory findings, she suggests that R.W.'s multiple hospitalizations should serve as the medical equivalent of the laboratory findings. Pl. Mot. 6-7. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original); *see also* 20 C.F.R. § 404.1526. Medical equivalency can be established in three ways. If the claimant has an impairment that is described in the listing, but (1) does not meet each criteria specified in the listing, or (2) exhibits all of the required findings, but lacks the required severity level for each finding, the claimant can show equivalency by proving other findings related to the impairment that are at least of equal medical significance to the listed criteria. *Id.* § 404.1526(b)(1). Next, if the claimant suffers from an impairment that is not described in a listing, the claimant can prove equivalency by showing that the claimant's impairment is at least of equal medical significance to the criteria of a closely analogous listing. *Id.* § 404.1526(b)(2). Third, if the claimant has a combination of impairments which do not individually meet any listing, the claimant can establish equivalency by establishing findings of at least equal medical significance to the criteria contained in the most analogous listing. *Id.* § 404.1526(b)(3). Importantly, "[a] claimant cannot qualify for benefits under the 'equivalency' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan*, 493 U.S. at 531. Equivalent evidence for each of the criteria must be established.

Ms. Kerra attempts to suggest that R.W.'s multiple hospitalizations are medically equivalent to the lab results suggesting malnutrition, relying heavily on what she argues is the "closely analogous" asthma Listing 103.03B. However, because malnutrition is described in a listing, reference to any analogous listings is improper. The only issue is whether Ms. Kerra can prove "other findings related to the impairment that are at least of equal medical significance to the listed criteria." 20 C.F.R. § 404.1526(b)(1). In the context of the malnutrition listing, the requirement of certain lab results proves that the claimant is actually suffering from malnutrition

as opposed to some other issue. Simply counting a number of hospitalizations is not of equal medical significance to the lab results, particularly where, as here, emergency room treatment is often sought in lieu of regular doctor visits. Ultimately, Ms. Kerra has not established that R.W.'s condition is medically equivalent to the criteria set forth in the malnutrition listing.

Moreover, unlike in the context of adult disability claims, there is a specific process in place for assessing functional equivalence of a listing in claims for children's benefits. Functional equivalence is determined by rating a child's abilities in six "domains": (i) Acquiring and Using Information; (ii) Attending and Completing Tasks; (iii) Interacting and Relating Well With Others; (iv) Moving About and Manipulating Objects; (v) Caring for Yourself; and (vi) Health and Physical Well–Being. Disability is established if the child has an "extreme" degree of limitation in one domain or a "marked" limitation in two domains. *See* 20 C.F.R. § 416.926a. The ALJ engaged in an appropriate analysis of the domains in R.W.'s case. Citing to evidence of record, the ALJ found no limitation in the areas of acquiring and using information, attending and completing tasks, and moving about and manipulating objects, less than marked limitation in the domains of interacting and relating with others and caring for yourself, and marked limitation in health and physical well-being, taking into account her severe gastrointestinal impairments. (Tr. 51-58). Thus, Ms. Kerra's equivalence arguments lack merit.

Finally, Ms. Kerra contends that the Appeals Council failed to consider new and material evidence, specifically CDC calculations relating to R.W.'s BMI. Pl. Mot. 7-8. Ms. Kerra contends that the calculations were material because they establish that R.W. met the criteria of Listing 105.08B2. *Id.* The Appeals Council expressly considered the CDC information and found them to be "not material." (Tr. 2). However, even if the Appeals Council made that determination in error, the CDC calculations would have no reasonable chance to alter the ALJ's ultimate conclusion. As described above, even assuming that R.W. met the criteria of Listing 105.08B, there is no evidence that she met or equaled the necessary criteria of Listing 105.08A. Accordingly, any error is harmless, and remand is unwarranted.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 15), and DENIES Ms. Kerra's Motion for Summary Judgment (ECF No. 14). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge